UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSE FIDEL ALVARADO PARRA,

                        Plaintiff,

- against -

PROTECTIVE INDUSTRIAL PRODUCTS, INC.,

                        Defendant.
------------------------------------------------------------------------X

Civil Case No.: 1:24-CV-0518 (AMN/DJS)

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff JOSE FIDEL ALVARADO PARRA ("Mr. Alvarado") by and through their attorneys, Jon L. Norinsberg, Esq., PLLC, as and for their Complaint against Defendant PROTECTIVE INDUSTRIAL PRODUCTS, INC. ("Defendant" or "PIP"), allege upon information and belief, as follows:

**NATURE OF ACTION**

1. Plaintiff Mr. Alvarado is pursuing legal action against Defendant, citing strict products liability, negligence, and breach of warranties stemming from the use of defective safety glasses which are manufactured and distributed by Defendant. These glasses, worn by both the Plaintiff and other employees, resulted in eye injuries, leading to Mr. Alvarado's permanent blindness in his right eye.

**JURY DEMAND**

2. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a jury trial on all issues that are triable in this action.

**PARTIES**

3. At all times hereinafter mentioned, Plaintiff is a citizen and resident of the County of Fairfield in the City of Bridgeport and State of Connecticut.

4.      Plaintiff Mr. Alvarado is a skilled metalworker employed by Carlucci Welding & Fabrication, Inc. ("Carlucci"), specializing in shaping steel into various structures and designs.

5.      In the year 2023, Carlucci was contracted to assemble a structural steel framework for a large scale commercial and residential development located at 346 Heights Road, Darien, Connecticut 06820 ("Darien Heights Crossing Development").

6.      Carlucci provides its employees, including Mr. Alvarado, with safety glasses which are manufactured and distributed by Defendant PIP.

7.      At all times hereinafter mentioned, Defendant PIP, was, and still is, a New York Business Corporation, with its principal place of business located at 25 British American Boulevard, Latham, New York 12110.

8.      Defendant PIP manufactures and distributes various different types of safety glasses. Specifically, PIP regularly sold its Anser ™ styled safety glasses to Carlucci.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(l) and (2) since there is complete diversity amongst the parties and the amount in controversy exceeds the sum of $75,000.00.

10.     This matter is properly venued in the Northern District of New York pursuant to 28 U.S.C. § 1391(b)(2), because the events or omissions giving rise to the claim occurred within the District.

**STATEMENT OF FACTS**

11. Throughout his tenure, Plaintiff consistently used Defendant's Anser safety glasses, as they were issued to him for work purposes. The Anser glasses are described as having a "lightweight semi-rimless design with wraparound lens protection."[1]

12. Regrettably, Defendant's Anser safety glasses were found to be defective as they did not offer the promised level of eye protection during anticipated work scenarios. Specifically, the Anser glasses lacked sufficient vertical and horizontal safeguards against potential risks like debris.

13. Notably, on December 28, 2023, there was an incident where Plaintiff, while wearing the safety glasses, was cutting a bolt hole in an H-Beam using a welding torch. During this task, some small metal fragments rebounded off the top bar of the safety glasses and struck Plaintiff's left eye.

14. As a result, Plaintiff suffered injuries to his left eye, which manifested as severe pain, irritation, redness, swelling, and blurred vision.

15. On the same day of the incident, Plaintiff promptly informed Carlucci's foreman, "Eder" (last name unknown), about the accident.

16. Approximately two months later, on March 8, 2024, Plaintiff was wearing his safety glasses correctly and for their intended safety purposes during work. Specifically, while in the process of creating a hole in an I-Beam with a welding torch, a spark rebounded off the top bar of Plaintiff's glasses and struck his right eye.

---

[1] https://us.pipglobal.com/en/products/eye-protection-experts/ (Last visited on April 11, 2024)

17. As a result, Mr. Alvarado sustained severe injuries to his right eye, including a retinal burn and detachment, necessitating emergency surgery and the placement of an intraocular gas bubble to stabilize the retina.

18. Moreover, Plaintiff suffered a disabling injury, rendering him completely blind in his right eye.

19. Furthermore, these injuries have led to permanent disability, disfigurement in the right eye, and have significantly impacted Plaintiff's ability to work, engage in business, and enjoy the pleasures of life.

20. The injuries incurred by Plaintiff have resulted in and will continue to result in medical expenses, pain and suffering, as well as mental and emotional distress.

21. Furthermore, it is crucial to note that the Plaintiff is not the sole employee who suffered injuries due to the Defendant's defective safety glasses.

22. Similarly, around October of 2023, Carlucci's foreman, Pedro Gonzalez ("Mr. Gonzalez"), encountered a situation where the Defendant's safety glasses failed to provide adequate protection for his eyes. Specifically, metal debris generated during Mr. Gonzalez's work penetrated his eye, leading to eye injuries.

23. As evident from the foregoing, the Defendant's design for the subject safety glasses is inherently flawed and renders the safety glasses defective and unreasonably dangerous.

24. Moreover, the Defendant failed to warn potential users of the risk of serious injury due to the dangerous, defective, and flawed design of the subject safety glasses.

25. The Anser safety glasses were defective and unreasonably dangerous upon leaving the Defendant's possession, as they were not reasonably safe for their intended uses.

26. The Defendant introduced this defective and hazardous product into the market, expecting it to reach consumers without significant alteration, and indeed, the safety glasses reached Plaintiff's employer, Carlucci, in a similar condition as originally sold by the Defendant.

27. The negligence and carelessness of the Defendant are evident in several aspects, including:

    a) the manufacture and design of the Anser Safety Glasses;

    b) the failure to warn users of the severe injury risks associated with malfunctions of these glasses;

    c) the neglect in alerting users to the hazards linked to these glasses' malfunctions;

    d) the failure to design the product to sufficiently protect the eyes of the users.

**AS AND FOR A FIRST CAUSE OF ACTION FOR**
**STRICT PRODUCTS LIABILITY BASED U PON DEFECTIVE DESIGN**

28. Plaintiff Mr. Alvarado repeats and realleges the allegations contained in the above paragraphs, as if more fully set forth at length herein.

29. Anser safety glasses were defectively designed by Defendant, rendering the glasses reasonably unsafe. Further, the glasses were defective when they left Defendant's control.

30. It was feasible for the Defendant to design the Anser safety glasses in a safer alternative manner.

31. Plaintiff used the Anser safety glasses as intended and in a reasonably foreseeable manner.

32. The defective design of the Anser safety glasses was the proximate cause of Plaintiff's injuries and damages.

33. Plaintiff could not, through the exercise of reasonable care, have detected or

discovered the defect in the Anser safety glasses or otherwise avoided the injury and damages therefrom.

34. As a direct and proximate result of the foregoing, and through no fault of his own, Plaintiff suffered serious and permanent injuries and injuries; past and future pain and suffering; past and future medical expenses; past and future lost earnings and earning capacity; past and future loss of household services; and past and future emotional distress.

### AS AND FOR A SECOND CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY BASED UPON DEFECTIVE MANUFACTURE

35. Plaintiff Mr. Alvarado repeats and realleges the allegations contained in the above paragraphs as if fully set forth herein.

36. The Anser safety glasses were defectively manufactured by Defendant, rendering them not reasonably safe. Further, the glasses were defective when they left Defendant's control.

37. Plaintiff was using the safety glasses as intended and in a reasonably foreseeable manner.

38. Plaintiff could not, through the exercise of reasonable care, have detected or discovered the defect, or have otherwise avoided the injury and damages therefrom.

39. As a direct and proximate result of the foregoing, and through no fault of his own, Plaintiff suffered serious and permanent injuries; past and future pain and suffering; past and future medical expenses; past and future lost earnings and earning capacity; past and future loss of household services; and past and future emotional distress.

### AS AND FOR A THIRD CAUSE OF ACTION FOR STRICT LIABILITY BASED UPON FAILURE TO WARN

40. Plaintiff Mr. Alvarado repeats and realleges the allegations contained in the above paragraphs as if fully set forth herein.

41. Defendant owed a duty to all users of the Anser safety glasses, including Plaintiff, to provide adequate warnings of known dangers with the glasses and dangers which, in the use of reasonable care, Defendant should have known about, including, but not limited to, warning that the glasses do not provide sufficient vertical or horizontal coverage to protect the construction worker user's eyes from debris at work.

42. Defendant breached the foregoing duty because the Anser safety glasses did not contain adequate warnings to alert Plaintiff and other users of the dangers associated with the glasses.

43. Plaintiff could not have discovered the dangers associated with the subject Anser safety glasses through the exercise of ordinary care.

44. As a direct and proximate result of the foregoing, and through no fault of his own, Plaintiff suffered serious and permanent injuries; past and future pain and suffering; past and future medical expenses; past and future lost earnings and earning capacity; past and future loss of household services; and past and future emotional distress.

### AS AND FOR A FOURTH CAUSE OF ACTION BASED ON BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

45. Plaintiff Mr. Alvarado repeats and realleges the allegations contained in the above paragraphs as if fully set forth herein.

46. Defendant was a merchant with respect to the sale of Anser safety glasses to Plaintiff's employer Carlucci.

47. At all times relevant hereto, in order to promote and induce the purchase of their products, Defendant impliedly warranted to the public that the Anser safety glasses were safe to use.

48. That use was the purpose for which the product was intended.

49. Defendant breached the warranty of merchantability because the Anser safety glasses, when utilized for their intended use, were unsafe, defective, dangerous, and not of merchantable quality.

50. As a direct and proximate result of the foregoing, and through no fault of his own, Plaintiff suffered serious and permanent injuries; past and future pain and suffering; past and future medical expenses; past and future lost earnings and earning capacity; past and future loss of household services; and past and future emotional distress.

51. By reason of the foregoing, Plaintiff seeks monetary and punitive damages, to get his with interest.

### AS AND FOR A FIFTH CAUSE OF ACTION BASED ON BREACH OF IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE

52. Plaintiff Mr. Alvarado repeats and realleges the allegations contained in the above paragraphs as if fully set forth herein.

53. Defendant knew that the particular purpose for which the Anser safety glasses were to be used was for construction related work.

54. Plaintiff relied upon the Defendant's skill and judgment to provide suitable and reasonably safe safety glasses to be used for its ordinary and intended purpose.

55. The Anser safety glasses were in a defective condition when they left Defendant's control and were dangerous to users because of them being defectively designed and manufactured and defective in that the glasses' warnings were inadequate.

56. The Anser safety glasses were not fit for its particular purpose because of such defects, and they failed to perform in accordance with the expectation of their users, including Plaintiff.

57. Defendant breached the warranty of fitness for a particular purpose because they

sold Anser safety glasses in an unsafe, defective, and dangerous condition.

58. As a direct and proximate result of the foregoing, and through no fault of his own, Plaintiff suffered serious and permanent injuries; past and future pain and suffering; past and future medical expenses; past and future lost earnings and earning capacity; past and future loss of household services; and past and future emotional distress.

59. By reason of the foregoing, Plaintiff seeks monetary and punitive damages, to get his with interest, disbursements, and costs to the fullest extent permitted by law.

## AS AND FOR A SIXTH CAUSE OF ACTION
## BASED ON BREACH OF EXPRESS WARRANTY

60. Plaintiff Mr. Alvarado repeats and realleges the allegations contained in the above paragraphs as if fully set forth herein.

61. At all times relevant hereto, in order to promote and induce the purchase of their products, Defendant expressly warranted and represented to the public that the Anser safety glasses were safe to use.

62. Defendant breached these express warranties, and the Anser safety glasses did not conform to Defendant's express representations of a "wraparound lens protection" because they were unsafe, defective, dangerous, and not of merchantable quality.

63. As a direct and proximate result of the foregoing, and through no fault of his own, Plaintiff suffered serious and permanent injuries and injuries; past and future pain and suffering; past and future medical expenses; past and future lost earnings and earning capacity; past and future loss of household services; and past and future emotional distress.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR NEGLIGENCE

64. Plaintiff Mr. Alvarado repeats and realleges the allegations contained in the above paragraphs as if fully set forth herein.

65. Defendant owed a duty to all foreseeable users, including Plaintiff, to properly and reasonably design, manufacture, test, inspect, package, label, distribute, market, and provide adequate warnings for their Anser safety glasses.

66. Defendant breached the foregoing duty by, upon information and belief, negligently designing, manufacturing, testing, inspecting, packaging, labeling, distributing, and marketing the Anser safety glasses and by failing to warn of the dangers associated with the glasses.

67. As a direct and proximate result of the foregoing, and through no fault of his own, Plaintiff suffered serious and permanent injuries and injuries; past and future pain and suffering; past and future medical expenses; past and future lost earnings and earning capacity; past and future loss of household services; and past and future emotional distress.

**WHEREFORE,** Plaintiff Jose Fidel Alvarado Parra demands judgment in his favor on each and every cause of action in a monetary amount to be determined by a jury, including for pain and suffering, lost earnings, special damages, punitive damages, interest, costs, and disbursements to the fullest extent permitted by law, and such other and further relief that this Court deems just and proper.

Dated: New York, New York
April 12, 2024

Yours, etc.

**JON L. NORINSBERG, ESQ., PLLC**

_____
Jon L. Norinsberg, Esq.
*Attorneys for Plaintiff*
110 East 59th Street, Suite 2300
New York, New York 10022
Tel No.: (212) 791-5396
Fax No.: (212) 406-6890
jon@norinsberglaw.com